United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Jairo Uriana Reyes, Defendant. | )<br>)<br>)<br>)  Criminal Case No. 21-20359-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Jairo Uriana Reyes's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel. (Mot., ECF No. 98.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 98**.)

1. **Background**

On April 25, 2022, the Defendant Jairo Uriana Reyes was sentenced to a term of imprisonment of 70 months after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b). (ECF Nos. 33, 34, 67, 72.) The Sentencing Guidelines range was 135 to 168 months of imprisonment based on an offense level of 33 and criminal history category I.

Since Reyes's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Reyes now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 70 months in prison.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

First, Reyes claims that two criminal history status points should be eliminated. The retroactive amendment that Reyes invokes here is Part A of Amendment 821—the "status points" adjustment. But Reyes is not eligible for the adjustment because he did not receive any status points to begin with. And Part A affects only § 4A1.1's assessment of status points used to calculate a defendant's criminal history category, which was already category I. Accordingly,

§ 4A1.1's new status-point-rules have no bearing on Reyes's criminal history category.

Second, Reyes's motion fails because he is a zero-point offender, but the application of Amendment 821 would not lower his existing sentence. Reyes's original Guidelines range was 135 to 168 months of imprisonment. Even with the two-point reduction, his new effective Guidelines range would be 108 to 135 months. Pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). The exception to this rule for defendants that have provided substantial assistance to the authorities is inapplicable here. U.S.S.G. § 1B1.10(b)(2)(B). Reyes's original Guidelines sentence was 70 months, so his original sentence is below the bottom of the new Guidelines range and Amendment 821 does not provide relief.

Because the application of Amendment 821 would not reduce the Defendant's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors. The Court also denies the Defendant's request for appointment of counsel because there is nothing complex about this case that would require appointed counsel, and he is clearly not entitled to relief.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 98**.)

**Done and ordered** at Miami, Florida on June 18, 2024.

Robert N. Scola, Jr.
United States District Judge